BAKER, Judge,
dissenting.
I respectfully dissent. As acknowledged by the majority, “[cjounsel for Mother agreed that the trial court had [the] power” to enter a parallel parenting time order based on the pleadings. Op. at 343. Guideline 3, regarding a parallel parenting time order states:
In ordering the parties to parent according to a parallel parenting plan, the court must enter a written explanation regardless if the parties agree, indicating why the deviation from the regular Indiana Parenting Time Guidelines is necessary or appropriate. The court order shall detail the specific provisions in the plan.
Here, the trial court entered forty-three findings, including:
• Mother failed to coordinate son’s counseling with Father;
• Mother unilaterally denied Father parenting time. This included Christmas and Father’s birthday;
• Mother’s uncles or brothers have attempted to intimidate Father when he has arrived to pick up the children for court-ordered parenting time;
• Each parent blamed the other for communication difficulties;
• Court-ordered mediation has failed;
• During the proceedings, there were approximately five contempt actions, one protective order, one request for emergency custody, one petition for modification of custody, one petition for restricted visitation, five attorneys, and two judges.
Appellant’s App. p. 15-16.
In light of these events, to say that Mother and Father are “high conflict parents,” id. at 16, is an understatement. Moreover, Mother agreed that the trial court had the authority to enter a parallel parenting time order, which by its very definition deviates from the parenting time guidelines. Ind. Parenting Guidelines § IV. Under these circumstances, I cannot agree with the majority that the trial court erred.
Notwithstanding this conclusion, the majority downplays the importance of parallel parenting plan orders by declaring that “for purposes of this case, nothing in the new Parallel Parenting provision demonstrates any intent that it should affect the amount of parenting time awarded, except for possible elimination of mid week parenting time, makeup parenting time, and opportunities for additional parenting that appear elsewhere in the Parenting Time Guidelines.” Op. at 345 (emphasis in original).
In this case, the parallel parenting provision would affect the amount of parenting time for Father because he wanted makeup parenting time for the time he lost with his children when Mother unilaterally chose not to permit him to see them. And he was already permitted mid week parenting time. Thus, Father’s parenting time could be reduced. Indeed, under the guidelines, the trial court was somewhat constrained regarding the order it could craft.
*347 Furthermore, the Commentary regarding parallel parenting time orders is instructive: “the best interests and safety of the children are paramount in all situations. The court should recognize the danger that one parent could unilaterally create a high conflict situation. This behavior should not be rewarded by limiting the parenting time of the other parent.”
Here, I believe that the trial court strived for both the children’s best interests and to prevent further destructive behavior. For these reasons, I believe the trial court’s order is correct and, therefore, dissent.